**AMALGAMATED TRANSIT UNION, AFL–CIO LOCAL DIVISION 1309,**
Petitioner-Appellee,

v.

**AZTEC BUS LINES,**
Respondent-Appellant.

**No. 79–3714.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1981.

Decided Aug. 27, 1981.

---

George A. Alspaugh, El Cajon, Cal., for respondent-appellant.

Richard D. Prochazka, San Diego, Cal., for petitioner-appellee.

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

Before ALARCON and BOOCHEVER, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM.

This is a suit under § 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a) to enforce an arbitration award. Aztec Bus Lines, the employer, refused to obey an arbitrator's decision ordering the reinstatement of Phillip Mulligan, a bus driver with the company. Aztec's contention is that the award offends public policy.

Mulligan began working for the company in the fall of 1977. He was involved in a number of accidents and mishaps during his first year of employment, but the arbitrator refused to consider all but one of these incidents as a basis for imposing sanctions against Mulligan. In his opinion he stated that

> [N]o formal procedures to investigate and determine responsibility for accidents apparently existed. Until reasonable procedures are implimented [sic] to effectuate the above, the Employer will, in my opinion, face a most difficult time in any future arbitration of this type.

Such procedures are required by the collective bargaining agreement between the Union and company.

The one properly documented incident occurred on August 31, 1978, when Mulligan drove a bus with faulty brakes which, according to his testimony, caused it to "dive and rock." Mulligan was aware of company procedures for taking faulty equipment out of operation. He was also advised by a patrolman not to drive the bus if there was any question as to its safety. Nevertheless, he continued to operate the bus. The arbitrator found that Mulligan "exhibited extremely poor judgment." The arbitrator concluded, however, that the August 31 in-

cident, standing by itself, did not warrant dismissal. Instead, he ordered a two-week suspension without pay.

The district court granted summary judgment in favor of the union thus confirming the award of the arbitrator.

We have found only one federal case which might support reversal of this arbitral decision on public policy grounds. In *General Teamsters, Local Union 249 v. Consolidated Freightways*, 464 F.Supp. 346 (W.D.Pa.1979), the court reversed an arbitration award that had specifically sanctioned breaking Pennsylvania's Motor Vehicle Code. An employee had been ordered to drive a truck without mud flaps and another had been directed to drive an improperly licensed vehicle. Both are offenses under Pennsylvania law. After complying, the employees filed grievances against the company for requiring them to drive in violation of law. The arbitration panel ruled in favor of the company because the employer had agreed to pay any fines if the driver was caught. The court concluded that "upholding the [company's] right to compel its employees to violate [the] law are plainly contrary to public policy and will be vacated." 464 F.Supp. at 349.

We agree that forcing a party to a collective bargaining agreement to break the law is against public policy, but no California statute has been called to our attention which would make it illegal to employ bus drivers who have previously shown bad judgment. Furthermore, the arbitrator did not approve of Mulligan's behavior. He merely concluded that, under the circumstances, a two week suspension without pay rather than outright dismissal was an adequate sanction. Even if we agreed with the employer that a more severe sanction was appropriate, we are not permitted to review the merits of an arbitral award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). Public policy should not be turned into "a facile method of substituting judicial for arbitral judgment." Dunau, *Three Problems in Labor Arbitration*, 55

Va.L.Rev. 427, 446 (1969). Consequently the decision of the district court is AFFIRMED.